**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-2308**

———————

RAYMOND W. KONAN,

Plaintiff - Appellant,

versus

NOEL D. SENGEL, Bar Counsel, Virginia State
Bar; STEPHEN H. RATLIFF, Chair-Designate
District Subcommittee, Virginia State Bar;
KAREN A. GOULD, Chairperson, Disciplinary
Board Virginia State Bar; BARBARA SAYERS
LANIER, Clerk of Disciplinary System, Virginia
State Bar; STEPHEN M. HALL, Assistant Attorney
General, Commonwealth of Virginia,

Defendants - Appellees,

and

ELIZABETH B. LACY; LEROY ROUNDTREE HASSELL;
BARBARA MILANO KEENAN; LAWRENCE L. KOONTZ,
JR.; DONALD LEMONS; G. STEVEN AGEE; CYNTHIA D.
KINSER, Justices of Supreme Court of Virginia,

Defendants.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. James C. Cacheris, Senior
District Judge. (1:06-cv-00175-JCC)

———————

Submitted: April 18, 2007          Decided: July 6, 2007

———————

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Affirmed as modified by unpublished per curiam opinion.

Raymond W. Konan, Appellant Pro Se.  Mike F. Melis, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond W. Konan appeals from the district court's order dismissing his 42 U.S.C. § 1983 (2000) complaint. The district court dismissed Konan's complaint on the grounds that Konan failed to adequately state a claim for violation of the Equal Protection Clause and that his Due Process claim was barred by collateral estoppel. After having reviewed the record, we find that, pursuant to the <u>Rooker-Feldman</u> doctrine,[*] the district court did not have subject matter jurisdiction over Konan's claims.

Konan's claims seek redress for injuries caused by his disbarment by the Virginia State Bar Disciplinary Board, an administrative agency of the Supreme Court of Virginia. <u>See</u> Va. Code Ann. § 54.1-3910 (Michie 2005). While the Disciplinary Board is not itself a state court, the form of the proceeding is not determinative under <u>Rooker-Feldman</u>; rather, it is the nature, character, and effect of the proceedings themselves that is controlling. <u>Feldman</u>, 460 U.S. at 482. In <u>Feldman</u>, the Supreme Court took note of the judicial nature of state bar disciplinary proceedings. <u>Id.</u> at 482 n. 15 (citing <u>Middlesex County Ethics</u>

---

[*]<u>See</u> <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923). The <u>Rooker-Feldman</u> doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005); <u>see also</u> <u>Davani v. Virginia Dep't of Transp.</u>, 434 F.3d 712, 718 (4th Cir. 2006).

Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982)). Additionally, this court has held that the disciplinary board of a state bar can be considered as part of the "system of state courts" and that their judicial decisions are not subject to review by the federal courts. See Allstate Ins. Co. v. West Virginia State Bar, 233 F.3d 813, 817-18 (4th Cir. 2000) (holding Rooker-Feldman doctrine deprived district court of jurisdiction to review decision of West Virginia State Bar).

The Virginia State Bar is, by statute, an arm of the Supreme Court of Virginia, and its decisions are judicial in nature. See Allstate, 233 F.3d at 817; see also Supreme Court of Virginia Rule Pt. 6, § IV, ¶ 13 (procedure for disciplining and disbarring attorneys). In this case, while Konan challenges the procedures of the Bar's Disciplinary Board, the decision by the Board was upheld by the Supreme Court of Virginia, the appropriate court to review such challenges. Because the Board's function is judicial in nature, we hold that its rulings are subject to the Rooker-Feldman doctrine and, therefore, not reviewable by a federal district court. Accordingly, we modify the district court's dismissal to show that the case was dismissed for lack of jurisdiction and affirm the dismissal as modified. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.